UNITED STATES of America, Plaintiff, Appellee,

v.

Arnold ELLIS, Defendant, Appellant.

No. 90–1016.

United States Court of Appeals, First Circuit.

Heard May 8, 1990.

Decided July 5, 1990.

Charles P. McGinty, for defendant-appellant.

Susan M. Poswistilo, Asst. U.S. Atty., with whom Wayne A. Budd, U.S. Atty., and Ann M. D'Arpino, Sp. Asst. U.S. Atty., were on brief, for plaintiff-appellee.

Before BREYER, Chief Judge, CYR, Circuit Judge, and PETTINE,* Senior District Judge.

BREYER, Chief Judge.

Arnold Ellis, the appellant, is serving a 12–year prison term as a result of his 1983 conviction for drug offenses. As part of his sentence, the court ordered him to pay a "stand committed" fine of $60,000. Such a fine requires him to remain in prison (*i.e.*, "stand committed") until he pays it. *See* 28 C.F.R. § 2.7(a); *Santiago v. U.S.*, 889 F.2d 371, 373 (1st Cir.1989).

The Parole Commission set a "presumptive release date" for Ellis of October 21, 1989. It subsequently revoked that date, however, because Ellis did not pay the fine. Instead, Ellis asked a federal magistrate to determine that he could not pay the fine because he had no "property [other than exempt property] exceeding $20 in value," in which case, according to statute, the government must release him. *See* 18 U.S.C. § 3569 (full text in Appendix). The magistrate, and subsequently the district court, denied Ellis's request. Ellis now appeals.

Ellis argues that the Constitution forbids holding a person in prison solely because he is indigent. *See Bearden v. Georgia*, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983) (holding that state may not revoke probation for nonpayment of fine where probationer is unable to pay through no fault of his own); *Tate v. Short*, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971) (holding that state may not imprison indigent defendant solely for inability to pay fine); *Williams v. Illinois*, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970) (holding that state may not subject indigent defendants to period of imprisonment beyond statutory maximum). He adds that "property exceeding $20" is an out-of-date standard of indigency. He claims that he himself is indigent even though he has more than $20. He then reasons that, since the Parole Commission would have released him had he paid the fine, and since his indigency prevents him from paying the fine, the government currently is holding him in prison solely because he is an indigent—which is just what the Constitution forbids.

The appellant concedes that 18 U.S.C. § 3569 goes on to direct the Attorney General to release him, or to reduce his fine *pro tanto, even if he has property worth more than $20*, to the extent that any additional "property is reasonably necessary for his support or that of his family." And he also recognizes that the Bureau of Prisons has well-established procedures for making such determinations. But, he says, any such Bureau of Prisons proceeding has taken place, or will take place, *after* the date on which he otherwise would have been released. And once the Parole Commission's October 21 "release date" passed, the government was holding him in prison because of his indigency, hence in violation of the Constitution.

■ The legal question that Ellis seeks to present may be a difficult one. We assume, as we must, that the government cannot keep a person in prison solely because of indigency. At the same time, however, parole is a matter of grace, not of right. *See Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 2103–04, 60 L.Ed.2d 668 (1979) (finding "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence"); *U.S. v. Addonizio*, 442 U.S. 178, 188–89, 99 S.Ct. 2235, 2242–43, 60 L.Ed.2d 805 (1979) (Congress has committed decision as to when a convicted defendant should be released to the discretion of the Parole Commission); *Tuitt v. Fair*, 822 F.2d 166, 180 (1st Cir.), *cert. denied*, 484 U.S. 945, 108 S.Ct. 333, 98 L.Ed.2d 360 (1987). Does a Parole Commission determination to suspend a discretionary parole date while administrative proceedings *to determine indigency* are held amount to holding a person in prison *because of* indigency, at least where administrative proceedings are timely? Some court decisions have suggested that it

---

* Of the District of Rhode Island, sitting by designation.

would. *See U.S. v. Estrada de Castillo,* 549 F.2d 583, 584 (9th Cir.1976) (holding that earlier version of 18 U.S.C. § 3569, which required defendant to wait 30 days beyond normal release date before seeking discharge of committed fine on basis of indigency, was unconstitutional, but that administrative regulations would, if followed, guarantee that question of indigency would be considered *before* parole release date); *U.S. v. Mack,* 655 F.2d 843, 847 (8th Cir.1981) (same).

We shall not examine this question here, however, for the record before us demonstrates that Ellis is not indigent, in the constitutional sense, as measured by any plausible standard. It reveals that he owns, along with his wife, a house worth about $200,000. The government stated in the proceedings below, and repeats here, that there is only a small mortgage on the house and that Ellis could borrow against his equity in the house to pay the fine. Ellis produced no convincing argument to the contrary here, or in the courts below; nor has he told us what he might say to the Bureau of Prisons that could conceivably convince the Bureau that he cannot, consistent with a reasonable need to support himself and his family, use the house to obtain the necessary money. (Indeed, the Bureau has recently held against him on this issue.) We can find nothing in the Constitution that would forbid holding a person with substantial equity in a $200,-000 house in prison past his parole release date, until he pays the fine. If there is some special circumstance that might show that such a person was nonetheless indigent, Ellis has not made a plausible claim for its existence here.

The judgment of the district court is

*Affirmed.*

## APPENDIX

18 U.S.C. § 3569 was repealed as of November 1, 1987, but continues to apply to offenses committed before that date. It provides that:

> When a poor convict, sentenced for violation of any law ... to be imprisoned and pay a fine, ... has been confined in prison, solely for the nonpayment of such fine, ... such convict may make application in writing to the nearest United States magistrate in the district where he is imprisoned setting forth his inability to pay such fine....
>
> If on examination it shall appear to him that such convict is unable to pay such fine, ... and that he has not any property exceeding $20 in value, except such as is by law exempt from being taken on execution for debt, the magistrate shall administer to him the following oath: "I do solemnly swear that I have not any property, real or personal, exceeding $20, except such as is by law exempt from being taken on civil process for debt; and that I have no property in any way conveyed or concealed, or in any way disposed of, for my future use or benefit. So help me God." Upon taking such oath such convict shall be discharged.... In case the convict is found by the magistrate to possess property valued at an amount in excess of said exemption, nevertheless, if the Attorney General finds that the retention by such convict of all of such property is reasonably necessary for his support or that of his family, such convict shall be released without further imprisonment solely for the nonpayment of such fine ...; or if he finds that the retention by such convict of any part of such property is reasonably necessary for his support or that of his family, such convict shall be released without further imprisonment solely for nonpayment of such fine ... upon payment on account of his fine ... of that portion of his property in excess of the amount found to be reasonably necessary for his support or that of his family.